KEENAN *et al. v.* GANTERT.

*(Supreme Court, General Term, Second Department.   July 22, 1892.)*

1. ACTION BY ASSIGNOR—AMENDMENT—EFFECT OF STIPULATION.
   When defendant assents to a stipulation that an assignee of a vendor's lien shall be joined as a party plaintiff in an action to enforce the lien, he cannot object on appeal that the assignment was made before trial, and that the action was improperly brought in the name of the assignor.

2. SAME—HARMLESS ERROR.
   Besides, the amendment was for the benefit of defendant, could not have affected him injuriously, and the irregularity, if any, was, for that reason, without prejudice.

Appeal from special term, King's county.

Action by Hugh J. Keenan and another against Paul Gantert.   From a judgment for plaintiffs, defendant appeals.   Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

*Harrison & Langdon,* (*Abner C. Thomas,* of counsel,) for appellant.   *J. Herbert Watson,* (*Horace Graves,* of counsel,) for respondents.

DYKMAN, J.   It was the object of this action to charge certain real property in the city of Brooklyn with a vendor's lien, but the question chiefly litigated upon the trial had reference to the amount due from the defendant to the plaintiffs.   The testimony was quite contradictory upon that subject, and the judge has found the amount upon evidence entirely sufficient to sustain his finding.   The appellant has no expectation of reversing the judgment upon the facts, but he insists that fatal errors were committed upon the trial.   The action was commenced in the name of Hugh J. Keenan, but it transpired upon the trial that before he brought the suit he had assigned the claim to Hans S. Christian, and thereupon the trial judge, upon what he deemed to be sufficient consent of all the counsel, directed Christian to be made a party plaintiff with Keenan.   That direction is now assigned as error by the defendant, upon which he seeks a reversal of the judgment.   The difficulty with the defendant is that he assented to the stipulation that Christian should be joined as a party plaintiff, and his assent is recited in the judgment.   He thus waived all irregularity, if any there was, and is concluded by the stipulation.   Moreover, the amendment was for the benefit of the defendant, and he cannot be affected injuriously by it in any way.

The judgment should be affirmed, with costs.